UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES GALLAHER,

Defendant.

NO.  CR-05-224-RHW

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, *INTER ALIA***

Before the Court are Defendant's Motion to Dismiss Indictment for Violation of Statute of Limitations (Ct. Rec. 34) and Motion to Compel Discovery (Ct. Rec. 38).  A hearing was held on June 1, 2006.  Defendant was present and represented by Stephen Hormel; Assistant United States Attorney Joseph Harrington appeared on behalf of the government.  At the hearing, the Court orally denied Defendant's Motion to Compel Discovery and granted leave to renew the motion if difficulties persist.

## MOTION TO DISMISS

The Indictment alleges Defendant committed the crime of first degree murder on or about April 14, 1991.  The Indictment was returned on December 20, 2005, more than 14 years after the alleged crime took place.  Defendant argues in his Motion to Dismiss Indictment for Violation of Statute of Limitations (Ct. Rec. 34) that the proper statute of limitations for the alleged crime is five years and the Indictment should be dismissed.

There are two statutes that set the limitation period for federal crimes: 18 U.S.C. §§ 3281 and 3282.  Section 3281 states "[a]n indictment for any offense

ORDER DENYING DEFENDANT'S MOTION TO DISMISS, *INTER ALIA* * 1

punishable by death may be found at any time without limitation." 18 U.S.C. § 3281. Section 3282 states in pertinent part "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). The crime of first degree murder is punishable by death or by imprisonment for life. 18 U.S.C. § 1111(b). However, in 1994 Congress passed the Federal Death Penalty Act, a portion of which gave tribal governments the discretion to determine the applicability of the death penalty to tribal members indicted for federal crimes for which jurisdiction is predicated solely on their occurrence within Indian country, as defined in 18 U.S.C. § 1151.[1] 18 U.S.C. § 3598. Defendant argues that this renders the crime alleged in the Indictment "non-capital" because the legislative body of the Confederated Tribes of the Colville Reservation has not elected to have the death penalty apply within its jurisdiction. Because this alleged first degree murder is not "punishable by death," Defendant argues the five-year statute of limitations in § 3282 should apply.

This question is a matter of first impression, but there are many cases that consider statutes of limitations and other procedural rules the applicability of

_____

[1] Section 3598 reads in relevant part

no person subject to the criminal jurisdiction of an Indian tribal government shall be subject to a capital sentence under this chapter for any offense the Federal jurisdiction for which is predicated solely on Indian country (as defined in section 1151 of this title) and which has occurred within the boundaries of Indian country, unless the governing body of the tribe has elected that this chapter have effect over land and persons subject to its criminal jurisdiction.

18 U.S.C. § 3598. Section 1151 defines "Indian country" as "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government . . . , (b) all dependent Indian communities within the borders of the United States . . . , and (c) all Indian allotments, the Indian titles to which have not been extinguished. . . ." 18 U.S.C. § 1151.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS, *INTER ALIA* * 2

1  which are based on the capital nature of a crime.  *See, e.g.*, *United States v.*
2  *Manning*, 56 F.3d 1196 (9th Cir. 1995); *United States v. Watson*, 496 F.2d 1125
3  (4th Cir. 1973); *United States v. Provenzano*, 423 F. Supp. 662 (S.D.N.Y. 1976);
4  *United States v. Helmich*, 521 F. Supp. 1246 (M.D. Fla. 1981).

5        Defendant urges the Court to use the method of analysis exemplified in
6  *Watson* when deciding which statute of limitations applies to the alleged crime.
7  The court in *Watson* was faced with a challenge to the lower court's denial of the
8  defendant's request for a second lawyer pursuant to 18 U.S.C. § 3005, which
9  requires the provision of two attorneys to defendants facing capital punishment
10 who request additional counsel.  496 F.2d at 1125-27.  The case was decided soon
11 after the Supreme Court held the death penalty unconstitutional in *Furman v.*
12 *Georgia*, 408 U.S. 238, 239-40 (1969).  The government argued that the
13 defendant's crime was not "capital" after *Furman*, so he was not statutorily eligible
14 for two attorneys.  *Watson*, 496 F.2d at 1126.  In coming to its decision that the
15 defendant's rights under § 3005 were violated and that the procedural rules linked
16 to the capital nature of the offense charged remained valid after *Furman*, the
17 *Watson* court distinguished between the effects of judicial and legislative decisions
18 repealing statutes.  *Id*. at 1127-28.

19       This distinction was elaborated upon in *Provenzano* in the context of the
20 proper statute of limitations to apply to a kidnapping charge.  423 F. Supp. at 666.
21 The *Provenzano* court considered the effect of Congress's decision to remove
22 kidnapping from the classification of "capital offenses."  *Id*. at 665-667.  It noted
23 that "a court has a different role when determining the ramifications of a judicial
24 holding that a death penalty provision is unconstitutional, from that when Congress
25 has taken some action on the matter" and found that because Congress had "clearly
26 removed kidnapping from the classification of 'capital offenses,'" the five-year
27 statute of limitations under § 3282 applies.  *Id*. at 666-67.

28       Defendant places great emphasis on the reasoning in *Watson* and

ORDER DENYING DEFENDANT'S MOTION TO DISMISS, *INTER ALIA* * 3

1    *Provenzano*, arguing that, as in *Provenzano*, Congress here has acted to make

2    crimes occurring within Indian country non-capital.  However, by enacting 18

3    U.S.C. § 3598, Congress did not "clearly remove" all crimes, the jurisdiction of

4    which is predicated on their occurrence in Indian country, from the classification of

5    "capital offenses."  Instead, § 3598 grants the discretion that normally resides with

6    Congress to impose a capital sentence on persons subject to the criminal

7    jurisdiction of a tribal government to the tribal governments themselves.  "Capital

8    offenses" under Title 18 are still "punishable by death" under § 3598 because tribal

9    governments could elect to impose the death penalty.  Congress clearly continues

10   to consider crimes such as first degree murder "capital offenses" to which an

11   unlimited period of limitations applies.  *See* 18 U.S.C. §§ 1111(b), 3281.

12        The non-capital nature of the crime alleged here is clearly distinguishable

13   from that alleged in *Watson* (crime non-capital due to judicial decision) or

14   *Provenzano* (crime non-capital due to legislative action).  Here, in contrast, the

15   alleged crime is non-capital because of a decision not to opt in to the death penalty

16   by the legislative body of the Confederated Tribes of the Colville Reservation.

17   Therefore, in matters such as this where federal jurisdiction is based on the crime's

18   occurrence in Indian country, the crime is still "punishable by death;" Congress has

19   simply given tribal governments the discretion to determine whether the death

20   penalty should apply within their reservations.  *See* Christopher B. Chaney, *The*

21   *Effect of the United States Supreme Court's Decisions During the Last Quarter of*

22   *the Nineteenth Century on Tribal Criminal Jurisdiction*, 14 B.Y.U. J. Pub. L. 173,

23   181 (2000).

24        Furthermore, the unlimited statute of limitations for capital offenses in §

25   3281 is "inextricably tied to the nature of the offense."  *Manning*, 56 F.3d at 1196.

26   "Congress has made the judgment that some crimes are so serious that an offender

27   should always be punished if caught."  *Id*.  Certainly, premeditated murder is

28   among the most serious of all crimes.  Without a clear expression of Congressional

ORDER DENYING DEFENDANT'S MOTION TO DISMISS, *INTER ALIA* * 4

1  intent to remove first degree murder in Indian country from the classification of

2  capital offenses in § 3281, this Court finds the offense charged in this matter to be

3  subject to an unlimited statute of limitations.

4        Accordingly, **IT IS HEREBY ORDERED**:

5        1.  Defendant's Motion to Dismiss Indictment for Violation of Statute of

6  Limitations (Ct. Rec. 34) is **DENIED**.

7        2.  Defendant's Motion to Compel Discovery (Ct. Rec. 38) is **DENIED with**

8  **leave to renew**.

9        **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

10  Order and forward copies to counsel.

11        **DATED** this 13th day of June, 2006.

12

13                          *s/ Robert H. Whaley*

14                        ROBERT H. WHALEY
                      Chief United States District Judge

15

16

17

18

19  Q:\CRIMINAL\2005\Gallaher\deny.dismiss.ord.wpd

20

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANT'S MOTION TO DISMISS, *INTER ALIA* * 5