James A. McDevitt
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 25 2007

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JAMES H. GALLAHER, Jr., <br> Defendant. | CR-05-224-RHW <br><br> PLEA AGREEMENT |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney for the Eastern District of Washington, and Defendant, JAMES H. GALLAHER, Jr., and his counsel, Stephen R. Hormel, enter into the following Plea Agreement:

1. Conditional Plea:

JAMES H. GALLAHER, Jr. agrees to enter a **conditional** plead of guilty, pursuant to Fed. R. Crim. P. 11(a)(2) and (c)(1)(C), to Involuntary Manslaughter, in violation of 18 U.S.C. §§ 1112(a), 1151, and 1153, a lesser included offense of First Degree Murder, as charged in the Indictment, dated December 20, 2005.

2. Waiver of *Ex Post Facto* and Maximum Statutory Penalty:

JAMES H. GALLAHER understands that on or about April 14, 1991(the time relevant to the events charged in the Indictment) the crime of Involuntary

PLEA AGREEMENT

P705092jh.jhg     Page  -1-

Manslaughter was a Class E felony that carried a maximum statutory penalty of: not more than a three-year term of imprisonment; not more than a $1,000 fine; not more than a one-year term of supervised release; the payment of restitution; and a $100 special penalty assessment.

JAMES H. GALLAHER also understands that, pursuant to a 1994 amendment to 18 U.S.C. § 1112(a), the maximum statutory penalty for the crime of Involuntary Manslaughter was enhanced. JAMES H. GALLAHER understands further that currently, and since the 1994 amendment, Involuntary Manslaughter is a Class D felony offense that carries a maximum statutory penalty of: not more than a six-year term of imprisonment; not more than a $250,000 fine; not more than a three-year term of supervised release; the payment of restitution; and a $100 special penalty assessment.

JAMES H. GALLAHER also understands that certain provisions of the 1990 edition of the advisory Sentencing Guidelines have been amended and the current, 2006 edition of the Sentencing Guidelines provides for a higher base offense level and a higher reduction for acceptance of responsibility. *Compare* USSG §§ 2A1.4 and 3E1.1(a) (Guidelines Manuel, 1990 ed.) *with* USSG § 2A1.4 (Guidelines Manuel, 2006 ed.); USSG App. C, amendment 652 and USSG § 3E1.1(a) (Guidelines Manuel, 2006 ed.); USSG App. C, amendment 459. *See also* USSG § 1B1.11(b)(2) (Guidelines Manuel, 2006 ed.)(referencing *ex post facto* clause of the Constitution).

JAMES H. GALLAHER hereby agrees to waive any *ex post facto* claim attendant to his sentence and hereby agrees that the Court may sentence him in accordance with the current statutory penalties under 18 U.S.C. § 1112(a) and the current, 2006 edition of the advisory Sentencing Guidelines.

1    3.   Violations of Supervised Release:

JAMES H. GALLAHER, Jr. understands that a violation of a condition of supervised release carries an additional penalty of re-incarceration for all or part of the term of supervised release, without credit for time previously served on post-release supervision.

4.   Conditional Waiver of Statute of Limitations:

JAMES H. GALLAHER, Jr. understands that the instant Indictment charges him with First Degree Murder that occurred on or about April 14, 1991. JAMES H. GALLAHER, Jr. also understands that no person shall be prosecuted, tried, or punished for the offense of Involuntary Manslaughter, unless an indictment charging the offense is returned by a grand jury within five years after the offense has been committed. *See* 18 U.S.C. § 3282. JAMES H. GALLAHER hereby agrees to **conditionally waive** the applicable five-year statute of limitations period for Involuntary Manslaughter, a lesser included offense of First Degree Murder.

The United States and JAMES H. GALLAHER, Jr. acknowledge that his waiver of the applicable five-year statute of limitations period for Involuntary Manslaughter is **conditional**. JAMES H. GALLAHER, Jr. reserves the right to file a direct appeal of the Court's Order Denying Defendant's Motion to Dismiss, dated June 13, 2006, in which Order the Court found that the offense of First Degree Murder, as charged in the Indictment, dated December 20, 2005, is a "capital offense" as defined under 18 U.S.C. § 3281 and therefore subject to an unlimited statute of limitations. The United States and JAMES H. GALLAHER, Jr. understand and agree that he reserves the right to withdraw his plea of guilty if the Court's Order is overturned on appeal. The United States and JAMES H. GALLAHER, Jr. also understand and agree that if the Court's Order is upheld on appeal, he waives any right to pursue a Writ of Habeas Corpus petition (18 U.S.C.

PLEA AGREEMENT

P705092jh.jhg                           Page -3-

§ 2255) relating to his guilty plea to Involuntary Manslaughter, except for a claim of ineffective assistance of counsel.

5. <u>The Court is Not a Party to the Agreement</u>:

JAMES H. GALLAHER, Jr. and the United States understand that the Court is not a party to this Plea Agreement and may accept or reject it. JAMES H. GALLAHER, Jr. understands: that sentencing is a matter solely within the discretion of the Court; that the Court is under no obligation to accept any recommendations made by the United States and/or by JAMES H. GALLAHER, Jr.; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximum penalty.

JAMES H. GALLAHER, Jr. acknowledges that no promises of any type have been made to him regarding the sentence the Court will impose in this matter. JAMES H. GALLAHER, Jr. understands that the Court is required to consider the sentencing range applicable under the Sentencing Guidelines, but that the Court may depart upward or downward from the range.

JAMES H. GALLAHER, Jr. and the United States acknowledge, however, that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Accordingly, JAMES H. GALLAHER, Jr. and the United States agree that either party has the option of withdrawing from this Plea Agreement if the Court imposes a term of incarceration outside the range of four (4) to six (6) years.

6. <u>Waiver of Constitutional Rights</u>:

JAMES H. GALLAHER, Jr. understands that by entering a plea of guilty he is knowingly and voluntarily waiving certain constitutional rights consistent with this Plea Agreement, including: (a.) the right to a jury trial; (b.) the right to see, hear and question the government's witnesses; (c.) the right to remain silent at

trial; (d.) the right to testify at trial; and (e.) the right to compel witnesses to testify. While JAMES H. GALLAHER, Jr. understands he is waiving certain constitutional rights, he understands that he will retain the right to be assisted through the sentencing process and the appellate process, if any, by an attorney, who will be appointed at no cost to him if he cannot afford to hire an attorney.

7. Elements of the Offense:

JAMES H. GALLAHER, Jr. acknowledges and agrees that, in order to be found guilty of Involuntary Manslaughter, in violation of 18 U.S.C. § 1112(a), a lesser included offense of First Degree Murder as charged in the Indictment, the United States would have to prove each of the following elements beyond a reasonable doubt:

First, on or about April 14, 1991, JAMES H. GALLAHER, Jr., an Indian, committed an unlawful act not amounting to a felony, to wit: Assault by Striking or Beating (see 18 U.S.C. § 113(a)(4)); and

Second, JAMES H. GALLAHER, Jr.'s act was the proximate cause of the death of Edwin O. Pooler. A proximate cause is one which played a substantial part in bringing about the death, so that death was the direct result or a reasonably probable consequence of JAMES H. GALLAHER, Jr.'s act; and

Third, the killing was unlawful; and

Fourth, JAMES H. GALLAHER, Jr. either knew that such conduct was a threat to the life of Edwin O. Pooler or knew of circumstances that would reasonably cause JAMES H. GALLAHER, Jr. to foresee that such conduct might be a threat to the life of Edwin O. Pooler; and

PLEA AGREEMENT

Fifth,    the killing occurred in Keller, Washington, within Indian country, to wit: the Colville Indian Reservation, within the Eastern District of Washington.

8. Factual Basis and Statement of Facts:

JAMES H. GALLAHER, Jr. acknowledges and agrees that, in proving the elements of the crime to which he is pleading guilty, the United States can establish the following facts beyond a reasonable doubt, that these facts constitute an adequate basis for his plea of guilty; and that for sentencing purposes, neither party is precluded from presenting additional facts and arguing the relevance of the facts to the Sentencing Guidelines computation or to sentencing generally, unless otherwise prohibited by this Plea Agreement:

In mid-April, 1991, just after Edwin O. Pooler's 45th birthday, his family reported him missing. Mr. Pooler had been residing in HUD house 1316, Keller, Washington, with JAMES H. GALLAHER, Jr. and Ms. Jennifer Clark, along with their 11-month old baby daughter, Willow Lee. The HUD house is located within Indian country, on the Colville Indian Reservation. Mr. Pooler was, and JAMES H. GALLAHER, Jr. is, an Indian.

On or about April 14, 1991, Mr. Pooler arrived drunk at the HUD house. Ms. Clark and Willow Lee were at the residence. Mr. Pooler passed out on the living room floor. At the time, JAMES H. GALLAHER, Jr.'s daughter, Willow Lee, was also on the floor in the living room.

At some point Mr. Pooler roused himself, stood up, unzipped his pants, and urinated on the living room floor. It appeared he was so drunk that he did not fully realize what he was doing. Mr. Pooler's urine "splattered" on JAMES H. GALLAHER, Jr.'s baby daughter. Ms. Clark grabbed Willow Lee off the floor and put her in a bedroom. Later that day, Ms. Clark told JAMES H. GALLAHER, Jr. that Edwin O. Pooler had urinated on her (their) baby daughter.

PLEA AGREEMENT

P705092jh.jhg                    Page  -6-

During that day, an individual identified by the initials L.J. (who was one of Edwin O. Pooler's best friends) and others were having a party and drinking alcohol at a neighboring HUD house, which house is located one house away from HUD house 1316 where Edwin Oliver Pooler was residing at the time. JAMES H. GALLAHER, Jr. came into the party and told L.J. that he (GALLAHER) was looking for Mr. Pooler.

Later, L.J. and the others went to the Keller Bar where they continued partying. Edwin O. Pooler happened to be at the bar. JAMES H. GALLAHER, Jr. came into the bar and got into a loud argument with Mr. Pooler. Edwin O. Pooler's physical stature was significantly smaller than that of JAMES H. GALLAHER, Jr. After the argument, JAMES H. GALLAHER, Jr. left the tavern. L.J., Mr. Pooler, and the others returned to the neighboring HUD house to continue partying. While the group was at that HUD house JAMES H. GALLAHER, Jr. came in and again yelled at Mr. Pooler. Mr. Pooler left the house and returned home to HUD house 1316. JAMES H. GALLAHER, Jr. told L.J. that he (GALLAHER) was going over to take care of the problem, referring to Edwin O. Pooler.

Thereafter, JAMES H. GALLAHER, Jr. went to HUD house 1316 and directed Ms. Clark to leave and go to the neighboring HUD house, which she did. Shortly thereafter, Ms. Clark walked back to, and entered, HUD house 1316. When she went inside, she observed that JAMES H. GALLAHER, Jr. had Mr. Pooler in a "neck hold." Ms. Clark stated that she observed blood around Mr. Pooler's mouth. JAMES H. GALLAHER, Jr. commanded her to "get out now" and directed her to stay at the neighboring house, which she did.

A short time later, JAMES H. GALLAHER, Jr. returned to the neighboring HUD house and told Ms. Clark that he needed to borrow her car. He appeared to be in a hurry. Ms. Clark gave JAMES H. GALLAHER, Jr. her car keys. JAMES

PLEA AGREEMENT

1  H. GALLAHER, Jr. also directed L.J. to come outside, which he did. JAMES H.
2  GALLAHER, Jr. told L.J. that he had killed Edwin O. Pooler by breaking his
3  neck. JAMES H. GALLAHER, Jr. told L.J. that he (L.J.) needed to come with
4  him to take care of the problem. L.J. argued with JAMES H. GALLAHER, Jr.
5  about not wanting to help him, but JAMES H. GALLAHER, Jr. threatened L.J. by
6  saying that if he did not help "he'd be next." JAMES H. GALLAHER, Jr. drove
7  Ms. Clark's car into the garage at Mr. Pooler's HUD house and closed the garage
8  door. L.J. got into the car and JAMES H. GALLAHER, Jr. drove it out of the
9  garage.
10       JAMES H. GALLAHER, Jr. and L.J. continued to argue while JAMES H.
11  GALLAHER, Jr. drove the car. JAMES H. GALLAHER, Jr. drove the car north
12  bound on Highway 21 to an unimproved road identified as South Empire Creek
13  Road, where he turned west bound. JAMES H. GALLAHER, Jr. drove up the
14  unimproved road which leads to isolated, uninhabited forest land. JAMES H.
15  GALLAHER, Jr. stopped the car and directed L.J. to get out and help him remove
16  Edwin O. Pooler's body from the trunk. They argued, GALLAHER was cursing at
17  L.J., but L.J. refused to help. JAMES H. GALLAHER, Jr. opened the trunk, got
18  the body out, and dragged it by the feet into the forested area.
19       JAMES H. GALLAHER, Jr. then drove the car back to Edwin O. Pooler's
20  HUD house. They had been gone approximately 30 minutes. Ms. Clark went
21  back to Edwin O. Pooler's HUD house. JAMES H. GALLAHER, Jr.and L.J. were
22  inside but Mr. Pooler was not. JAMES H. GALLAHER, Jr. stated that he had told
23  Mr. Pooler to leave and never come back.
24       JAMES H. GALLAHER, Jr. instructed Ms. Clark to pack her belongings
25  because they where relocating to Nespelem, Washington. JAMES H.
26  GALLAHER, Jr. told Ms. Clark to act like everything was alright. JAMES H.
27  GALLAHER, Jr. also told her that he had broken Edwin O. Pooler's neck.
28

JAMES H. GALLAHER, Jr. and Ms. Clark relocated to Nespelem, Washington that night. The next day in Nespelem JAMES H. GALLAHER, Jr. told Ms. Clark that they needed to clean her car. JAMES H. GALLAHER, Jr. and Ms. Clark both went to the car and JAMES H. GALLAHER, Jr. used a hose to run water through the trunk. There was nothing in the trunk, such as mats, tools, a spare tire, etc. Over the next few days JAMES H. GALLAHER, Jr. borrowed Ms. Clark's car a few times and moved Edwin O. Pooler's body.

Several years later, during May or June, 1999, JAMES H. GALLAHER, Jr. and an individual identified by the initials L.M. were taking a ride on a dirt road near Keller, Washington known as Copper Creek Road. They were talking about JAMES H. GALLAHER, Jr.'s children when he told L.M. that he had beaten Edwin O. Pooler to death. JAMES H. GALLAHER, Jr. told L.M. that Edwin O. Pooler came drunk to a house in the Alice Flats section of Keller, Washington. JAMES H. GALLAHER, Jr. stated that Edwin O. Pooler was so drunk that he got up to use the bathroom, that he must have been confused, that he urinated in a corner of the living room, and that he urinated on his (GALLAHER's) daughter Willow Lee, who was sleeping near the corner of the room. JAMES H. GALLAHER, Jr. stated that he killed Edwin O. Pooler and that he had rolled Edwin O. Pooler's body up in a carpet. JAMES H. GALLAHER, Jr. stated that Ms. Clark was the only person who knew about the killing.

In approximately, 1995, JAMES H. GALLAHER, Jr. and an individual identified by the initials R.L were being housed in the same Federal Correctional Institution. According to R.L., JAMES H. GALLAHER, Jr. told him that sometime in 1991 another Indian had "pissed" on his daughter. JAMES H. GALLAHER, Jr. stated that he drove to a house on the Indian Reservation, pulled into the garage, pulled down the garage door, and went inside the house. JAMES H. GALLAHER, Jr. stated that he forced this person to get into the trunk of a car.

PLEA AGREEMENT

P705092jh.jhg                    Page -9-

JAMES H. GALLAHER, Jr. stated he killed the person; buried the head, hands, and feet; and shot up the body in an animal burial pit. JAMES H. GALLAHER, Jr. said the authorities would never find the person's skull and that although he was a suspect, he has never been charged because the body was never found.

9. Waiver of Inadmissibility of Statements:

JAMES H. GALLAHER, Jr. agrees that, if he withdraws his guilty plea, he waives the inadmissibility of statements, if any, made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P.11(f). JAMES H. GALLAHER, Jr. agrees further that any such inadmissible statements also include those statements made at the change of plea hearing to establish facts sufficient for the Court to accept his plea of guilty. JAMES H. GALLAHER, Jr. agrees that this waiver permits the United States to move for the introduction into evidence of any such otherwise inadmissible statements in its case-in-chief.

10. The United States Agrees To File No Additional Charges:

The United States Attorney for the Eastern District of Washington agrees to file no additional charges against JAMES H. GALLAHER, Jr. based on information in its possession at the time of this Plea Agreement and arising out of his conduct involving the illegal activity charged in the Indictment, unless JAMES H. GALLAHER, Jr. breaches this Plea Agreement any time before or after sentencing.

11. Effect of Breach

JAMES H. GALLAHER, Jr. agrees if he breaches this Plea Agreement: that the agreement is null and void; that he expressly waives the right to challenge the initiation of additional charges against him for any criminal activity; and that the United States may make derivative use of and may pursue any investigative leads suggested by him.

PLEA AGREEMENT

P705092jh.jhg

12. United States Sentencing Guidelines Calculation:

The United States and JAMES H. GALLAHER, Jr. acknowledge that the final Sentencing Guidelines calculations will be determined by the Court, with input from the United States Probation Office. The United States and JAMES H. GALLAHER, Jr. reserve the right to advise the Court and the United States Probation Office about the law and facts applicable to any sentencing issues.

(a.) *Base Offense Level*:

The United States and JAMES H. GALLAHER, Jr. agree that it appears the base offense level for his offense is 18. *See* USSG § 2A1.4(a)(2)(A) (Guidelines Manuel, 2006 ed.) and comment. (n.1)(reckless conduct includes all, or nearly all, convictions for involuntary manslaughter under 18 U.S.C. § 1112). *See also supra* Paragraph 2 (Waiver of *Ex Post Facto*).

(b.) *Acceptance of Responsibility*:

If JAMES H. GALLAHER, Jr. pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, provides complete and accurate information during the sentencing process, and does not commit any obstructive conduct, the United States will recommend a two-level reduction of his offense level for acceptance of responsibility and will move for a one-level reduction for timely entering a plea of guilty. *See* USSG §§ 3E1.1(a) and (b). *See also supra* Paragraph 2 (Waiver of *Ex Post Facto*).

JAMES H. GALLAHER, Jr. agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, before sentencing, and shall provide a receipt from the Clerk to the United States Attorney's Office before sentencing as proof of this payment, as a condition to this recommendation by the United States. *See* 18 U.S.C. § 3013. If JAMES H. GALLAHER, Jr. lacks the financial resources to pay the assessment at or before

sentencing, he agrees to participate in the Bureau of Prison's Inmate Financial Responsibility Program in order to pay the assessment.

JAMES H. GALLAHER, Jr. and the United States also agree that the United States may, at its option and upon written notice to JAMES H. GALLAHER, Jr., not recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, he is charged with or convicted of any criminal offense whatsoever and/or if he tests positive for any controlled substance.

(c.) *Criminal History:*

JAMES H. GALLAHER, Jr. and the United States understand that his criminal history computation will be determined by the Court, based on input from the United States Probation Office and the Presentence Investigation Report. JAMES H. GALLAHER, Jr. and the United States acknowledge they have made no agreement and have made no representations as to the Criminal History Category within which JAMES H. GALLAHER, Jr. falls.

13. <u>Identifying the Location of Edwin O. Pooler's Remains</u>

JAMES H. GALLAHER, Jr. acknowledges the important spiritual, cultural, and personal considerations of providing Edwin O. Pooler a proper burial ceremony. JAMES H. GALLAHER, Jr. agrees to cooperate with FBI agents and other law enforcement officers to identify the location of Edwin O. Pooler's remains. JAMES H. GALLAHER, Jr. agrees: (1) to participate in full debriefings by federal and local investigative agencies about his knowledge of the specific location of Edwin O. Pooler's remains; (2) to provide complete, accurate, and truthful information during any such debriefings; (3) to submit to a polygraph examination if requested; and (4) lead law enforcement officers to the specific location, if requested and/or necessary. It is understood that he may have an attorney present at any such debriefings.

JAMES H. GALLAHER, Jr. understands that, if he provides false information pursuant to the terms of this Plea Agreement, the United States could charge him with making false statements, obstruction of justice, and/or perjury. JAMES H. GALLAHER, Jr. also understands that, and will not object if, it becomes necessary to continue his sentencing date for a reasonable period of time in order to provide full and complete compliance with this agreement.

The United States agrees to inform the sentencing court about: (1) the significance and usefulness of his cooperation; (2) the truthfulness, completeness, and reliability of any information he provides; (3) the nature and extent of his cooperation; and (4) the timeliness of his cooperation.

14. Incarceration:

JAMES H. GALLAHER, Jr. and the United States agree that, pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), a sentencing range of four (4) years to six (6) years of incarceration, to be followed by a three (3) year term of supervised release, is an appropriate disposition of this case. JAMES H. GALLAHER, Jr. acknowledges that the United States will recommend the Court impose a six (6) year term of incarceration.

15. Criminal Fine:

JAMES H. GALLAHER, Jr. and the United States reserve the right to make whatever recommendation they believe is appropriate concerning the imposition of a criminal fine.

16. Supervised Release:

JAMES H. GALLAHER, Jr. and the United States agree to recommend jointly that the Court impose a three-year term of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

PLEA AGREEMENT

P705092jh.jhg                    Page -13-

(a.) that JAMES H. GALLAHER, Jr. complete mental health evaluations and treatment if, and as, his designated Probation Officer directs, that JAMES H. GALLAHER, Jr. allow reciprocal release of information between his designated Probation Officer and his treatment provider, and that JAMES H. GALLAHER, Jr. contribute to the cost of such evaluations and treatment according to his ability; and

(b.) that JAMES H. GALLAHER, Jr.'s person, residence, office, vehicle, and belongings be subject to search at the direction of his designated Probation Officer.

17. <u>Mandatory Special Penalty Assessment</u>:

JAMES H. GALLAHER, Jr. agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

18. <u>Additional Violations of Law Can Void Plea Agreement</u>:

JAMES H. GALLAHER, Jr. and the United States agree that the United States may, at its option and upon written notice to JAMES H. GALLAHER, Jr., withdraw from this Plea Agreement or renegotiate its recommendations if, prior to the imposition of sentence, he is charged or convicted of any criminal offense whatsoever or if he tests positive for any controlled substance.

PLEA AGREEMENT

P705092jh.jhg          Page -14-

19. <u>Conditional Appeal Rights</u>:

JAMES H. GALLAHER, Jr. agrees to waive his right to seek appeal of any sentence imposed by the Court. The United States acknowledges that JAMES H. GALLAHER, Jr. reserves the right to pursue a direct appeal of the Court's Order Denying Defendant's Motion to Dismiss, dated June 13, 2006, as set forth in this **conditional** Plea Agreement. *See supra*, paragraph 4.

JAMES H. GALLAHER, Jr. also agrees to waive any right to pursue a Writ of Habeas Corpus petition (18 U.S.C. § 2255) relating to his guilty plea to Involuntary Manslaughter and/or any sentence imposed by the Court, except for a claim of ineffective assistance of counsel. Nothing in this Plea Agreement shall preclude the United States from opposing any motion for reduction of sentence or other attack of the conviction or sentence, including but not limited to proceedings pursuant to 28 U.S.C. § 2255 (Writ of Habeas Corpus) consistent with the terms of this Plea Agreement. Should the conviction be set aside, reversed, or vacated, this Plea Agreement is null and void and the United States may institute or re-institute any charges against JAMES H. GALLAHER, Jr. and make derivative use of any statements or information he has provided.

20. <u>Integration Clause</u>:

JAMES H. GALLAHER, Jr. and the United States acknowledge that the above stated terms and conditions constitute the entire plea agreement between the parties and deny the existence of any other terms or conditions not stated herein. The parties agree this Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other

federal, state, or local authorities. The parties also agree that this agreement cannot be modified except in a writing that is signed by the parties.

## Approvals and Signatures

Respectfully submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____          5-25-07
Joseph H. Harrington                              Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights and I understand those rights. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I admit that I am guilty. Finally, I am satisfied with the representation of my attorney in this case.

_____          5/25/07
James H. Gallaher, Jr.                              Date
Defendant

I, Stephen R. Hormel, hereby acknowledge that I am counsel for JAMES H. GALLAHER, Jr. in the above titled case. I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement

PLEA AGREEMENT
P705092jh.jhg                              Page -16-

accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. To the best of my knowledge JAMES H. GALLAHER, Jr. has no viable defense to the instant charge of Involuntary Manslaughter and there is no legal reason why the Court should not accept his plea of guilty.

_____    _____
Stephen R. Hormel                                    Date
Attorney for the Defendant

PLEA AGREEMENT