1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES H. GALLAHER,

    Defendant.

NO.  CR-05-224-RHW

**ORDER DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION**

Before the Court is Defendant's Motion for Reconsideration (Ct. Rec. 91). A hearing was held on the motion on September 27, 2007, in Spokane, Washington.  Defendant was present and represented by Stephen Hormel.  The Government was represented by Assistant United States Attorney Joseph Harrington.

**BACKGROUND**

On May 23, 2007, a change of plea hearing was held.  The Court was presented with a conditional plea, in which Defendant plead guilty to Involuntary Manslaughter, a lesser included offense of First Degree Murder, as charged in the December 20, 2005 Indictment.  The plea was conditional in that Defendant retained the right to pursue a direct appeal of the Court's Order Denying Defendant's Motion to Dismiss.

The proposed plea agreement also contained a number of unique terms. First, the offense allegedly occurred on April 14, 1991.  The statute of limitations has run on the Involuntary Manslaughter charge.  The plea agreement requires

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1**

1   Defendant to waive the statute of limitation defense. Secondly, the maximum

2   penalty that could be imposed for an Involuntary Manslaughter conviction

3   occurring in 1991 is three years. The plea agreement applies the six year statutory

4   maximum that was not enacted into law until 1994. Further, the plea agreement

5   requires Defendant to waive the defense of the unconstitutional application of the

6   greater penalty in violation of the *ex post facto* clause of the Constitution. Also,

7   the plea agreement applies a higher U.S. Sentencing Guideline's base offense level

8   than was in effect at the time of the offense. Again, Defendant must waive this

9   defense as well. Finally, the plea agreement is conditioned on the preservation of

10  the right to appeal pretrial rulings. Such a plea requires the consent of the

11  Government and the Court. *See* Fed. R. Crim. P. 11(a)(2).

12      The Plea Agreement was entered pursuant to Fed. R. Crim. P. 11(c)(1)(c),

13  where Defendant and the Government agreed that either party has the option of

14  withdrawing from the Plea Agreement if the Court imposes a term of incarceration

15  outside the range of four to six years.

16      At the change of plea hearing, the Court expressed concern regarding the

17  proposed plea and plea agreement and asked the parties to provide briefing

18  addressing the following: (1) whether a defendant may lawfully waive the statute

19  of limitation applicable to a lesser included offense; (2) whether a defendant may

20  lawfully waive an *ex post facto* claim if sentenced to a greater punishment than was

21  allowed at the time the crime was committed; and (3) whether there are good

22  public policy considerations that support the Court's acceptance of the Plea

23  Agreement.

24      Both the Government and Defendant filed Motions for Acceptance of the

25  Guilty Plea (Ct. Recs. 75, 77). On May 25, 2007, another change of plea hearing

26  was held in which the Court was presented with the same conditional plea and Fed.

27  R. Crim. P. 11(c)(1)(c) plea agreement. The Court conducted a plea colloquy and

28  made the following findings: (1) Defendant was competent; (2) Defendant's plea

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
~ 2

was knowing, voluntary, and intelligent; and (3) there was a factual basis for the plea. The Court declined, however, to accept the conditional plea; instead, the Court conditionally approve the plea, but indicated it would order the Presentence Investigation Report (PSR) before it would make a final decision as to whether it would accept the plea. The Court entered an order conditionally accepting the guilty plea (Ct. Rec. 81), set the sentencing hearing for August 27, 2007, and ordered a Presentence Investigation Report (Ct. Rec. 82).

A sentencing hearing was then held on August 27, 2007. Defendant was present and represented by Stephen Hormel. The Government was represented by Assistant United States Attorney Joseph Harrington. At the hearing, the Court ruled it was not accepting the conditional plea. Shortly thereafter, Defendant filed a Motion for Reconsideration (Ct. Rec. 91), to which the Government responded (Ct. Rec. 95). Both parties urge the Court to consent to the conditional plea.

## DISCUSSION

As a matter of law, the Court is not a participant in the plea negotiations between the Government and a defendant. Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions."). Generally, the Court is not a party to the agreement and it can accept or reject the plea agreement and impose a sentence that it determined was reasonable, regardless of the recommendations contained in the plea agreement. In this case, the proposed plea and plea agreement were unique in a number of ways. First, the plea agreement was being entered pursuant to Fed. R. Crim. P. 11(c)(1), which allowed the parties to withdraw if the Court imposed a sentence of less than four years or greater than six years. Also, the plea agreement contained a number of waivers and asked the Court to impose a sentence greater than what it could legally do. Most important, the plea was a conditional plea, in which Defendant needed both the consent of the Court and the Government before he could enter his plea.

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
~ 3

Thus, in this case, the Court became a participant in the plea process, in that, it had to consent before the conditional plea could be entered, and if the conditional plea was accepted, it was being asked to impose a sentence that was greater than what the Court was legally allowed to impose.  For these reasons, the Court expressed skepticism about the conditional plea and the proposed plea agreement and conditionally accepted the conditional plea.  Specifically, the Court stated that it would order the Presentence Investigation Report and determine thereafter whether it would accept the conditional plea.

The parties present a number of arguments in support of their position that the Court should accept the conditional plea.  First, as a factual matter, the Court accepted the conditional plea.  Second, the Court accepted the conditional plea as a matter of law.  Third, the Court does not have discretion to not accept the conditional plea where certain factors are present; and fourth, because the Court consulted the Presentence Investigation Report, it can no longer withhold its consent to the conditional plea.  These arguments implicate two provisions of the Federal Rules of Criminal Procedure regarding the Court's discretion to reject Defendant's conditional plea.  First, Fed. R. Crim. P. 11(a)(2) states that "[w]ith consent of the court and the government, a defendant may enter a conditional plea of guilty . . ., reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."  Second, Fed. R. Crim. P. 32(d) states: "Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendre, or has been found guilty."

Each of Defendant's arguments will be addressed in turn.

**1.    The Court Accepted the Plea**

The Court rejects the argument that it explicitly consented to the conditional plea.  The Court reviewed the transcript of the sentencing hearing.  The transcript indicates that the Court was not consenting to the conditional plea; rather, it was

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
~ 4

taking the conditional plea under advisement and would rule on whether to consent to the plea at the sentencing hearing.  There was no explicit consent; nor was it the Court's intention to give such consent without first reviewing Defendant's Presentence Investigation Report.

2.    **The Court Accepted the Plea as a Matter of Law**

The parties assert that as a matter of law, the Court consented to the conditional plea because upon completion of the plea colloquy, the Court made particular findings regarding Defendant's competence, whether the plea was knowing, voluntary, and intelligent, and whether there was a factual basis for the plea.  It follows, then, that because the requirements of Rule 11(b) were met, the Court does not have discretion to not consent to the conditional plea.

It is true that if this were an unconditional plea, the Court would have no discretion to reject the plea if the requirements of Rule 11(b) were met.  *See In re Vasquez-Ramirez*, 443 F.3d 692 (9th Cir. 2006) (holding the district court must accept an unconditional guilty plea as long as Rule 11(b) requirements are met); *In re Ellis*, 356 F.3d 1189 (9th Cir. 2004).  However, Rule 11(a)(2) implies that the Court has discretion to not consent to a conditional plea.  Indeed, other circuits that have looked at this issue all agreed that the court and the Government have total discretion whether to consent to a conditional guilty plea.  *United States v. Bundy*, 392 F.3d 641, 647 (4th Cir. 2004) ( "[A] district court may reject such a plea for any reason or no reason at all." ); *United States v. Bell*, 966 F.2d 914 (5th Cir. 1992)(same); *United States v. Davis*, 900 F.2d 1524 (10th Cir. 1990) (same).  Similarly, the Seventh Circuit has made the same observations regarding the Government's discretion.  *United States v. Yasak*, 884 F.2d 996, 999 (7th Cir. 1989) (holding that the Government can refuse to assent to a conditional plea for any reason or no reason).

Under the parties' arguments, once the Court engaged in the plea colloquy with Defendant, the Court no longer had the discretion to not consent to a

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 5**

conditional plea. Under this scenario, the Court, when presented with a conditional plea, would have to either immediately consent or reject the plea without hearing from either party regarding the plea. The Court concludes that this reasoning puts form over substance. *See also United States v. Hyde*, 520 U.S. 670, 674 (1997) (Rule 11 lists "steps a district court must take '[b]efore accepting a plea of guilty,' and without which it 'shall not accept a plea of guilty.' Based on this language, we conclude that once the court has taken these steps, *it may, in its discretion, accept a defendant's guilty plea*.") (emphasis added).

**3.    Court Does Not Have Discretion Under Certain Circumstances**

The Government relies on the Advisory Committee Notes to Rule 11 to posit that a court may properly reject a conditional plea only when the judicial safeguards envisioned by Rule 11(a)(2) have not been met. The judicial safeguards would be that the pretrial record is adequately developed for meaningful appellate review of the pretrial issue preserved under the Defendant's conditional plea of guilty and the issue is plainly case dispositive. This argument was clearly rejected by those circuits holding that a district court may reject a conditional plea for any reason or no reason at all.

Moreover, when looking at the plain language of the statute, it is clear that both consent of the Court and the Government is required before a defendant can enter a conditional guilty plea. If the Government's position is true for the Court, that is, once the procedural safeguards have been met, the Court does not have discretion to withhold its consent, the same would apply to the Government. Once the procedural safeguards are met, the Government would be mandated to give its consent to a conditional plea, regardless of whether it thought it was appropriate. Counsel suggests that the Government and the Court stand in very different positions with respect to conditional pleas and the Court has no reason to quarrel with this position. However, the plain language of the statute makes no distinction between the Court's consent and the Government's consent. Both are required

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 6**

1  before Defendant can enter a conditional plea.

2  **4**.    **Review of the Presentence Investigation Report Before Ruling on Conditional Plea**

3

4          More problematic is the Court's review of the Presentence Investigation

5  Report prior to making a decision as to whether it would accept a conditional guilty

6  plea.  The Rule clearly states that the Presentence Investigation Report must not be

7  disclosed until the defendant has pleaded guilty.  The purpose of Rule 32(e) is to

8  protect the defendant from the prejudice that might result if, before he is convicted,

9  the court is exposed to the contents of the Presentence Investigation Report, which

10  typically contains hearsay information and facts collateral to the issue of guilt or

11  innocence.  *Gregg v. United States*, 394 U.S. 489 (1969); *In re Vasquez-Ramierez*,

12  443 F.3d at 699 (9th Cir. 2006).

13          It is not clear, nor has any court addressed whether it would be violation of

14  Rule 32(e) to review the Presentence Investigation Report prior to determining

15  whether to consent to a conditional plea.  In *United States v. Cordova-Perez*, the

16  Ninth Circuit suggested that if the Court's acceptance of the guilty plea was

17  conditional and contingent upon review of the Presentence Investigation Report,

18  Rule 32(e) would not be violated.  65 F.3d 1552, 1555 (9th Cir. 1995).  The Circuit

19  reasoned:

20          The court was not required to obtain Cordova-Perez's written consent before reviewing the presentence report. A conditional
21  acceptance of a guilty plea satisfies the requirement of Rule 32(b)(3) which provides that the court can review the presentence report after
22  the defendant has pleaded guilty. The possibility that the court might set aside the guilty plea after it has read the presentence report is a risk
23  inherent in the bargain a defendant makes when he agrees to the court's conditional acceptance of his guilty plea. Here, that acceptance
      was conditional.
24  *Id.*

25          The precedential value of *Cordova-Perez* is questionable, because in that

26  case the district court did not explicitly accept the plea conditionally.  *Id.*  Rather,

27  the Circuit concluded that because the viability of the plea agreement controls the

28  viability of the plea, when the district court deferred acceptance of the plea

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
~ 7

1  agreement, it implicitly deferred accepting the plea until it reviewed the

2  Presentence Investigation Report. *Id.* at 1556.  Cordova-Perez was expressly

3  overruled in *United States v. Hyde*,  520 U.S. 670 (1997).  According to the

4  Supreme Court, the flaw in the Ninth Circuit's reasoning was its conclusion that

5  the plea agreement and plea are "inextricably bound up together such that

6  deferment of the decision whether to accept the plea agreement carried with it

7  postponement of the decision whether to accept the plea."  Indeed, in *Cordova-*

8  *Perez* the district court explicitly stated it accepted the defendant's plea, yet the

9  Circuit held it was a conditional plea. *Cordova-Perez*, 65 F.3d at 556.  It was this

10  portion of the opinion that was effectively overruled by *Hyde*.

11       It remains to be seen whether the portion of the opinion in which the Circuit

12  reasoned that a conditional acceptance of a guilty plea permits a district court to

13  review a Presentence Investigation Report prior to accepting the plea survives

14  *Hyde*.  The Court believes the Circuit would find, consistent with *Cordova-Perez*,

15  that where, as here, the district court *explicitly* and *conditionally* accepted a guilty

16  plea, the court would be permitted to review the Presentence Investigation Report.

17  It is logical that a Court might want to review the complete record before

18  consenting to a conditional plea.  Indeed, this appeared to be the understanding of

19  the parties in this case.  At the close of the sentencing hearing, the Court made

20  clear that it was conditionally accepting the guilty plea; yet neither the Government

21  or Defendant objected to the Court conditioning the acceptance of the plea upon

22  review of the Presentence Investigation Report.

23       Also, if the Court erred in reviewing the Presentence Investigation Report

24  before deciding not to accept the conditional plea, the remedy would not be to

25  force this Court to accept the plea.  Rather, the remedy would be to assign this case

26  to another judge. *See Vasquez-Ramirez*, 443 F.3d at 700, (*quoting Ellis*, 356 F.3d

27  at 1211 ("The district judge has read the presentence report and has expressed

28  strong views on its contents . . . [T]o preserve the appearance of justice, and

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
~ 8

consistent with the purposes of Rule 32, we conclude reassignment is appropriate . . .Therefore, on remand, the case shall be reassigned to a different district judge.). Because the Court does not believe it was improper to review the Presentence Investigation Report, the Court will not assign this case to another judge.

**5.    Conclusion**

Here, the Court has no desire to interfere with the executive branch's prosecutorial discretion.  This case is unique, however, because in exercising its discretion, the prosecutor has interjected the Court into the ultimate decision to accept the plea; that is, the Government is asking the Court to accept a guilty plea to a charge that legally the Government could not bring without a waiver from the Defendant, to sentence the Defendant to a term of imprisonment that legally the Court cannot do absent a waiver from the Defendant; to sentence the Defendant to a term of imprisonment that is outside the advisory U.S. Sentencing Guideline range, and consent to an appeal of pretrial rulings.

The factual circumstances and legal issues discussed herein convince the Court that it should not give its consent to the entry of the conditional plea.

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant's Motion for Reconsideration (Ct. Rec. 91) is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 5th day of October, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CRIMINAL\2005\Gallaher\deny.wpd

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 9**