James A. McDevitt
United States Attorney
Eastern District of Washington
Joseph H. Harrington
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES H. GALLAHER, JR.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CR-05-224-RHW

United States' Sentencing
Recommendation and Reasons
for Acceptance of Plea
Agreement

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Joseph H. Harrington, Assistant United States Attorney for the Eastern District of Washington, submits the following Sentencing Recommendation and Reasons for Acceptance of Plea Agreement.

## INTRODUCTION

As noted in the Presentence Investigation Report ("PSR"), the United States and the Defendant entered into a Plea Agreement pursuant to which the Defendant agreed (1) to enter a **conditional** plea of guilty to Involuntary Manslaughter, in violation of 18 U.S.C. §§1112(a), 1151, 1153, a lesser included offense of First Degree Murder; (2) to waive any ex post facto claim attendant to the 1994 amendment to 18 U.S.C. § 1112(a), for which the maximum statutory penalty is a six-year term of imprisonment, a $250,000 fine, a 3-year term of supervised release, and a  $100 special penalty assessment; and (3) to conditionally waive the

United States' Sentencing Recommendation and Reasons
for Acceptance of Plea Agreement- 1
P90424DD.JHA.wpd

1  applicable 5-year statute of limitations, while reserving the  right to file a direct

2  appeal of the district court's early ruling denying his motion to dismiss

3  (concluding that the crime of First Degree Murder is an offense subject to an

4  unlimited statute of limitations period).  In addition, the Plea Agreement was

5  entered pursuant to Fed. R. Crim. P., Rule 11( c)(1)( C), with the parties

6  recommending that an appropriate disposition of this case is a term of

7  incarceration within a range of 4 to 6 years, to be followed by a 3-year term of

8  imprisonment.

9       On March 24, 2009, this Court accepted the Defendant's conditional plea of

10  guilty.

11                              **DISCUSSION**

12       The United States respectfully submits that this Court should accept the Plea

13  Agreement entered into by the parties and impose a 6-year term of incarceration.

14  *A.    The United States' Recommended Sentence*

15       The United States respectfully recommends that the Court impose a 6-year

16  term of imprisonment to be followed by a 3-year term of supervised release.  If the

17  Court grants the Defendant any credit for time served during the pendency of the

18  instant matter, the United States respectfully submits that no such credit should  be

19  given for any over-lapping time during which the Defendant was still serving the

20  71-month sentence imposed as a result of his 1999 conviction for being a Felon in

21  Possession of a Firearm.  *Cf.*  PSR, ¶ 98.

22  *B.    Factors Supporting Acceptance of the Plea Agreement*

23       As set forth in the United States' earlier submission in May, 2007:

24  a.    First Degree Murder under 18 U.S.C. § 1111(a) requires proof of an

25  unlawful killing committed with premeditation and malice aforethought, for which

26  proof the grand jury found probable cause (as distinguished from proof beyond a

27  reasonable doubt) to exist.  The crime of Involuntary Manslaughter, which does

28

United States' Sentencing Recommendation and Reasons
for Acceptance of Plea Agreement- 2
P90424DD.JHA.wpd

1  not require proof of premeditation and malice aforethought, is a lesser included
2  offense of First Degree Murder. *See United States v. Quintero*, 21 F.3d 885, 889
3  (9th Cir. 1994); *United States v. Skinner*, 667 F.2d 1306, 1309-10 & n.10 (9th Cir.
4  1982).

5        Involuntary Manslaughter could not have been charged in the first instance,
6  however, because the five-year limitations period for that crime had expired.
7  It is well settled that a statute of limitations is an affirmative defense, not a
8  jurisdictional bar, and as such can be waived by a defendant.  *See United States v.*
9  *DeTar*, 832 F.2d 1110, 1115 (9th Cir. 1987).   A defendant who requests a jury
10  instruction on a lesser included offense cannot avail himself of a limitations
11  defense for such an offense, whether he expressly waives the defense, remains
12  silent, or expressly refuses to waive it.  *Id.  See also Spaziano v. Florida*, 468 U.S.
13  447, 454-57 (1984) (holding that a district court may force a defendant to waive a
14  statute of limitations defense before instructing the jury on a lesser included
15  offense).

16        In the instant case, the Defendant has agreed to waive any affirmative
17  defense relating to the statute of limitations, except for the reservations provided
18  in the Plea Agreement.  The United States respectfully submits that this Court may
19  properly and lawfully accept the Defendant's waiver of the statute of limitations as
20  set forth in the Plea Agreement.

21  b.    It is well settled that a defendant may affirmatively waive his or her
22  constitutional rights, such as the right to a jury trial, to confront and cross-examine
23  witnesses, and to claim a Fifth Amendment privilege against self-incrimination.
24  *See Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712 (1969).  It is
25  equally well settled that a defendant may also waive nonconstitutional rights, such
26  as the statutory right to appeal a sentence.  *See Abney v. United States*, 431 U.S.
27  651, 656, 97 S.Ct. 2034, 2038 (1977)(there is no constitutional right to appeal).

28

1  Such waivers are routinely negotiated as part of a voluntary plea agreement with

2  the government.[1]

3      In *Rose v. Palmateer*, 395 F.3d 1108 (9th Cir), *cert. denied, sub nomine,*

4  *Rose v. Belleque*, 545 U.S. 1144, 125 S. Ct. 2971 (2005), the Ninth Circuit

5  recognized that it has "never held that an Ex Post Facto claim cannot be waived *

6  * *. " *Id.* Indeed, the court explained that such a waiver is valid even when a

7  defendant, who agrees to a particular sentence, does not "specifically understand[]

8  that he is waiving that particular right * * *. *Id* at 1113-14. As the Ninth Circuit

9  explained in *Rose*, the defendant had agreed to the "true life" sentence and that he

10 had been advised the sentence was being imposed pursuant to a new amendment to

11 the Oregon criminal statutes. The court reasoned that:

12     [i]t would be strange indeed if [the defendant] could raise an Ex Post Facto

13     challenge to a sentence that he affirmatively chose as the more favorable

14     option. On the contrary, that affirmative choice constituted a waiver of his

15     Ex Post Facto claim.

16 *Rose*, 395 F.3d at 1113.[2]

17

18 _____

19     [1]     Indeed, such waivers in plea bargaining are accepted as an "important

20 component[] of this country's criminal justice system." *Blackledge v. Allison*, 431

21 U.S. 63, 71, 97 S.Ct. 1621 (1977). *See Brady v. United States*, 397 U.S. 742, 752

22 n.10, 90 S.Ct. 1463, 1471 n.10 (1970)(estimating that 90-95% of all criminal

23 convictions involve guilty pleas).

24     [2]     *See United States v. Gilcrist*, 106 F.3d 297 302 (9th Cir.

25 1997)(holding defendant abandoned *ex post facto* argument after agreeing at

26 sentencing to be sentenced in accordance with 1994 edition rather than

27 1991edition of Guidelines manual). *Cf. United States v. Harrison*, 393 F.3d 805,

28 807 (8th Cir. 2005)(en banc)(*ex post facto* claim by defendant who explicitly and

United States' Sentencing Recommendation and Reasons
for Acceptance of Plea Agreement- 4

P90424DD.JHA.wpd

1    Here, the Defendant has negotiated a Plea Agreement with the United States

2  where, like the defendant in *Rose*, the Defendant has affirmatively chosen as a

3  favorable option of agreeing to a sentencing range of four to six years of

4  imprisonment.  In this connection, the parties understand that the maximum

5  statutory penalty under 18 U.S.C. § 1112(a) was enhanced pursuant to a 1994

6  amendment, which amendment became effective *after* he committed the offense.

7  He has agreed to waive any *ex post facto* claim attendant to his sentence and

8  agrees that the Court may sentence him in accordance with the current statutory

9  penalties under 18 U.S.C. § 1112(a) and the current 2006 edition of the Sentencing

10  Guidelines.   Furthermore, the Defendant has agreed to waive any right to seek an

11  appeal of any sentence imposed by the Court. The United States respectfully

12  submits that this Court may properly and lawfully accept the Defendant's waiver

13  of any *ex post facto* claim as set forth in the Plea Agreement.

14  c.    The United States respectfully submits that the instant Plea Agreement

15  generally satisfies the public interest in the prosecution of crime.  Admittedly the

16  Defendant has a lengthy criminal history and while, at first blush, a four to six year

17  sentencing range may appear to be inadequate punishment in this case, the United

18  States submits there are good public policy considerations why this Court should

19  accept the instant Plea Agreement.   Fairness, integrity, and the reputation of

20  judicial proceedings will not be offended by accepting the Plea Agreement.

21    *1.    Public accountability*

22    If this Court accepts the instant Plea Agreement, the Defendant will openly

23  and publicly account for his actions in connection with the unlawfully killing of

24  Mr. Edwin Pooler.  The Plea Agreement tends to ensure some satisfaction of the

25

26  _____

27  voluntarily exposed himself to a specific sentence may not challenge that

28  punishment on appeal)(citing cases).

United States' Sentencing Recommendation and Reasons
for Acceptance of Plea Agreement- 5

P90424DD.JHA.wpd

1   public's interest in the prosecution of the crime and confirms that the charge
2   brought against the Defendant has a basis in fact.

3        With the Defendant's guilty plea, the community in the Eastern District of
4   Washington as a whole, but more particularly the Colville Indian Reservation, will
5   have resolution and accountability for this 18-year old killing. The Defendant's
6   guilty plea will, in addition, promote the notion that unsolved killings, even ones
7   committed over a decade ago, will not go unpunished.

8        Moreover, the Defendant's guilty plea will ensure that if/when he returns to
9   the Colville Indian Reservation the Defendant will be unable to profess his
10  innocence. If the Court does not accept the Plea Agreement and the Defendant
11  proceeds to trial, there is a risk he will be acquitted of First Degree Murder,
12  forever empowering him to flaunt his innocence to the victims family, the
13  witnesses, and the law enforcement community on the Colville Indian
14  Reservation.

15       Furthermore, the Defendant's guilty plea will result in, not only a term of
16  imprisonment, but also in a term of supervised release. A term of supervised
17  release will provide official oversight of the Defendant and require him to account
18  for his conduct.

19       *2.   Finality*

20       A plea of guilty and resulting judgement of conviction comprehends all of
21  the factual and legal elements necessary to sustain a binding, final judgement of
22  guilt and a lawful sentence. The victims' family and the witnesses have waited
23  years for a resolution of Mr. Poolers' killing. The Plea Agreement will provide for
24  that resolution by resulting in a final judgement. There will be no trial, with the
25  associated litigation risks, nor appeal, with the potential protracted re-hashing of
26  the underlying facts and circumstances.

27

28

United States' Sentencing Recommendation and Reasons
for Acceptance of Plea Agreement- 6
P90424DD.JHA.wpd

3.    *The facts are less than overwhelming*

In this nearly 18 year old investigation, Edwin Pooler's body has *never been located*.  There are four witnesses to whom the Defendant has admitted killing Mr. Pooler.  These four witness cross-corroborate each others' testimony.  There is, however, no independent forensic evidence that connects the Defendant to the crime.  At this juncture, there is little reason to believe that additional information will be obtained to bolster the prosecution of this case.

The grand jury found probable cause to believe that the Defendant committed an unlawful killing with premeditation and malice aforethought.  As this Court is very much aware, proof beyond a reasonable doubt is a much more rigorous standard.

4.    *The victim's family and the witness generally support the plea agreement*

Edwin Pooler's sister, Ms. Linda Tonasket, has been in contact with law enforcement agencies since late June, 1991 about the investigation into Mr. Pooler's death.  She has had frequent contact with the FBI and the United States Attorney's Office.  She is aware of the contours of the Plea Agreement, including the United States' recommendation of a six-year sentence, and she is in full agreement with it.  While she would like to see the stiffest sentence possible, she is supportive of the Plea Agreement and believes it will provide a resolution of the matter and begin the healing process for closure of this tragic event.

The four central witnesses have each expressed their support of a plea agreement.  If this Court accepts the Plea Agreement, these witnesses will not have to appear and testify in court, thereby allowing them to remain somewhat anonymous.  By remaining anonymous, the witnesses can minimize any negative affect on the Reservation and/or elsewhere that could likely result from disclosure of their cooperation with law enforcement authorities.

1

## <u>CONCLUSION</u>

2       Based on the foregoing reasons, the United States respectfully requests that

3   the Court accept the Plea Agreement entered between the parties and sentence the

4   Defendant to a six-year term of incarceration.

5

6       DATED April 24, 2009.

7                            James A. McDevitt
                                   United States Attorney

8

9                            *s/Joseph H. Harrington*

10                            Joseph H. Harrington
                             Assistant United States Attorney

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Sentencing Recommendation and Reasons
for Acceptance of Plea Agreement- 8
P90424DD.JHA.wpd

1    I hereby certify that on April 24, 2009, I electronically filed the foregoing

2  with the Clerk of the Court using the CM/ECF System which will send

3  notification of such filing to the following, and/or I hereby certify that I have

4  mailed by United States Postal Service the document to the following non-

5  CM/ECF participant(s):

6

7        Mr. Stephen R. Hormel
        Federal Defenders of Eastern Washington
8        10 North Post, Suite 700
        Spokane, Washington 99201
9

10                    *s/Joseph H. Harrington*

11                    Joseph H. Harrington
12                    Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States' Sentencing Recommendation and Reasons
for Acceptance of Plea Agreement- 9
P90424DD.JHA.wpd